IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47137

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Filed:  July 22, 2021** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| **v.** | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| **ERIK M. OHLSON,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County.  Hon. Bruce L. Pickett, District Judge.

Judgment of conviction and sentences for first degree murder and voluntary manslaughter, <u>affirmed</u>; and <u>case remanded</u> to effectuate rulings on presentence investigation report.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Erik M. Ohlson appeals from the district court's judgment of conviction and sentences for first degree murder and voluntary manslaughter.  Ohlson requests that we remand this case to the district court to remove or redline items from the presentence investigation report (PSI).  Ohlson also argues that the district court erred by imposing excessive sentences.  For the reasons set forth below, we affirm Ohlson's judgment of conviction and sentences.  However, we remand the case for the district court to ensure that the changes made to the PSI prior to or during sentencing are reflected in the version subject to disclosure under Idaho Criminal Rule 32(h).

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In January or February of 2016, Ohlson was introduced to Jennifer Nalley.  The pair started dating and Jennifer became pregnant with Ohlson's child.  Ohlson explained that soon after the

child's conception, the couple's relationship soured and the two were "emotionally destructive to each other." After the relationship soured, Ohlson began sending text messages to his friend, E.L. The text messages indicated that Ohlson wanted Nalley to get an abortion and that Ohlson planned on killing Nalley. On July 4, 2016, Ohlson sent various messages to E.L. about Nalley. In part, Ohlson stated: "I want to strangle her and witness her last mortal moment. I want to see her beg for her life and then take it away by slashing her throat." In addition, Ohlson texted E.L.: "I was literally tying my shoelaces when you texted. Was headed to Driggs to commit a murder. Glock loaded with hollow points, plans of killing her and killing myself. I'm not being dramatic." Ohlson texted E.L. again, writing: "My shoes are untied and I'm not going anywhere tonight. You caught me before anything stupid happened. You have that knack with me. Thank you thank you thank you thank you. I can't thank you enough."

Later that evening, Ohlson drove from Jackson Hole, Wyoming, to Driggs, Idaho, where Nalley was staying at her family's cabin. At the cabin, Ohlson shot Nalley a total of eight times killing her and her unborn child; six of the shots were in Nalley's back. Thereafter, Ohlson left the cabin and drove his vehicle into a power pole with the intention of killing himself. Officers arrived on scene, unaware of Nalley's death, and arrested Ohlson for driving under the influence of alcohol. Later, family members discovered Nalley on the front porch of the cabin and officers began an investigation into the deaths of Nalley and the unborn child. Consequently, Ohlson was charged with two counts of murder in the first degree, Idaho Code §§ 18-4001, -4002, -4003. Both of those charges were accompanied by sentencing enhancements for the use of a firearm, I.C. § 19-2520. In addition, the State charged Ohlson with burglary, I.C. § 18-1401, and operating a motor vehicle while under the influence of alcohol with an alcohol concentration of .20 or more, I.C. §§ 18-8004, -8004C.

Pursuant to a plea agreement, Ohlson agreed to plead guilty to the first degree murder of Jennifer Nalley and a reduced charge of voluntary manslaughter for the shooting of her unborn child. In exchange, the State agreed to dismiss the remaining charges. Prior to sentencing, Ohlson filed objections to information contained or attached to the PSI. As relevant to this appeal, Ohlson objected to: (1) impact letters submitted by Nalley's friends; (2) a written comment from the PSI author that "anything less than continued incarceration would be unconscionable"; and (3) an I.C. § 19-2524 standard mental health assessment. The district court held a hearing on Ohlson's objections. During the hearing, the State stipulated to striking the mental health assessment which

was submitted as an addendum to the PSI. Ultimately, the district court ruled that it would redline or remove all three of the objected-to items from the PSI. Subsequently, the district court sentenced Ohlson to life with twenty-five years determinate for the first degree murder conviction and a concurrent term of fifteen years with ten years determinate for the voluntary manslaughter conviction. Ohlson timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Ohlson argues that the district court erred by failing to redline or remove the portions of the PSI that the court found should be excised. In addition, Ohlson argues that the district court erred by imposing excessive sentences. We will address each of Ohlson's contentions in turn below.

### A. PSI

Ohlson argues that the district court erred by failing to actually remove or redline the portions of the PSI that the court agreed to strike in response to Ohlson's objections. Ohlson requests that this Court order a limited remand so that the district court can remove or redline the impact letters, the PSI author's comment, and the mental health assessment from Ohlson's PSI.

When considering a PSI, a court may take information into account which would otherwise be inadmissible at trial, as long as the court believes it to be reliable and the defendant has an opportunity to present favorable evidence and to explain or rebut the adverse information. *State v. Carey*, 152 Idaho 720, 721, 274 P.3d 21, 22 (Ct. App. 2012). We have held that when a court determines to strike information from a PSI, the court must cross out or redline that information from the PSI and send a corrected copy of the PSI to the Idaho Department of Correction. *State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010).

3

In the present case, it is clear from the record that the district court intended to remove or redline certain information in or attached to the PSI. At the hearing on Ohlson's motion, and after hearing argument from both parties, the district court ruled that it would: "issue an order" striking the non-victim impact letters as attachments to the PSI (although the court indicated it would still consider the letters at sentencing), strike the PSI author's comment regarding incarceration, and strike the mental health assessment submitted as an addendum to the PSI. However, the record on appeal does not reflect those changes.

The State argues that the district court erred by ordering that the impact letters and the PSI author's comments be stricken because the information was properly included in the PSI.[1] In addition, the State contends that the district court's failure to strike the information was harmless because the district court never made a determination that the information was unreliable or erroneous. In reply, Ohlson argues that the State's failure to file a cross-appeal challenging the district court's order precludes this Court from considering the State's argument on appeal.

Because the PSI in the appellate record does not include any changes the district court stated it was making in response to Ohlson's objections, we cannot determine whether the court complied with *Molen* in redlining or excising the stricken information. As PSIs are electronically filed before sentencing, it is likely that the PSI materials submitted as exhibits pursuant to Idaho Appellate Rule 28(b)(2)(K) do not constitute the version of the PSI containing the court's changes or redlining made at or prior to sentencing.[2] Because a corrected PSI is not in the appellate record in this case, we are unable to determine whether the district court made any changes to the PSI. Nor does the record include the order striking the addendum to the PSI with the I.C. § 19-2524

---

[1] However, the State recognizes that it stipulated to the removal of the mental health assessment below and does not argue on appeal that the court's order to remove the assessment was error. Rather, the State's appellate arguments are only directed at the impact letters and PSI author's comments.

[2] Consistent with this observation, we note that at the hearing on Ohlson's motion for a "fair and reliable sentencing process," the district court noted: "Typically, the Court will ask 'Are there any objections?' If there are, we'll strike them from the Presentence Investigation Report. I make a note in my file, which is the original, which goes to the Department of Probation and Parole. Those things are struck right there." The district court subsequently noted that Idaho Criminal Rule 32(h) "is in the process of being changed because of the new technology with where everything--rather than having copies . . . where everything's now stored digitally, we're kind of feeling our way on this."

4

assessment, which the court indicated it would issue. Therefore, we remand to the district court to ensure that the three items of information the district court agreed to strike were stricken from Ohlson's PSI and that the corrected PSI is the one distributed pursuant to I.C.R. 32(h).

**B.     Excessive Sentences**

Ohlson argues that his concurrent sentences are excessive.[3] An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Ohlson argues that his sentences are not necessary to achieve the goals of sentencing and he identifies several mitigating factors to illustrate why his sentences are excessive, including the support he receives from family and friends, his lack of criminal history, the role alcohol played in his crimes, and his remorse for his conduct. Having reviewed the record in this case, however, we cannot say the district court abused its discretion. Although the court recognized the mitigating factors Ohlson identifies, it recognized that there were also aggravating factors in the case as well. Specifically, the district court explained that the facts of the case (i.e. that Ohlson planned to kill Nalley, drove a long distance, shot Nalley in the back six times, and left her and her unborn child dead on the porch for her family to find) were egregious. The court stated that it had reviewed the

---

[3]     Ohlson does not argue that the district court improperly considered unreliable or erroneous information in the PSI when imposing his sentences. For this reason, we review Ohlson's assertion that his sentences are excessive based on the appellate record as it exists.

5

alarming text messages that Ohlson sent prior to committing the offenses.  The district court also read portions of the PSI aloud at the hearing and expressed concern with the Ohlson's history of alcohol use.  In addition, the court expressed concerns based on findings from Ohlson's psychological assessment.  For example, the court was concerned with the findings that Ohlson did not fully comprehend the impact of his actions and that Ohlson's "judgment in choosing appropriate future behaviors is equally limited, resulting from a history of immaturity, hedonism, and self-centeredness."  In addition, the court recognized the impact of the crime on Ohlson, Ohlson's family, and the victims' family.  The district court also considered the fact that Ohlson planned to take three lives that evening, including his own.  The district court expressly considered the sentencing goals and thoughtfully imposed Ohlson's sentences based on all of the information before it.  Accordingly, we hold the district court did not abuse its discretion in sentencing Ohlson.

**IV.**

**CONCLUSION**

The district court did not abuse its discretion when it sentenced Ohlson.  However, as the record on appeal does not contain the changes to the PSI in accordance with the district court's rulings, we remand this case to the district court to ensure the changes it made to the PSI are reflected in the PSI which is subject to disclosure under I.C.R. 32(h).

Judge LORELLO and Judge BRAILSFORD **CONCUR**.