**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51290**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 29, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSE ELBERTO CHAVES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L.Whiting, District Judge.

Judgment of conviction and unified sentence of forty years, with a minimum period of incarceration of twenty years, for sexual battery of a minor child sixteen or seventeen years of age, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Jose Elberto Chaves was found guilty of sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18-1508A(1)(a), and a mandatory minimum sentencing enhancement, I.C. § 19-2520G. He was sentenced to a unified sentence of twenty years, with a minimum period of incarceration of fifteen years. Chaves successfully appealed and following a remand and new trial, he was again convicted of the same offenses. A different district court judge presided over the second trial and sentencing hearing than presided over the first trial and sentencing. Following Chaves's conviction after the second trial, the district court imposed a

1

unified sentence of forty years, with a minimum period of incarceration of twenty years. Chaves appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Chaves argues the district court did not reach its decision by an exercise of reason because Chaves's circumstances had not changed between the first and second trial, and because any other factors did not justify imposing a longer sentence. Specifically, Chaves argues the district court erred in relying on the prosecutor's statements regarding the greater negative effect on the victim as he has gotten older because there was no evidence presented regarding the effect on the victim. The sentencing court, in its discretion, may consider information, which would otherwise be inadmissible at trial, such as hearsay, as long as the court believes the information is reliable and the defendant has an opportunity to present favorable evidence and to explain or rebut adverse information. *State v. Carey*, 152 Idaho 720, 721, 274 P.3d 21, 22 (Ct. App. 2012). Thus, the district court did not err in relying on the prosecutor's statements.

Chaves also challenges the district court's consideration of Chaves's behavior while awaiting retrial, where Chaves was found in his home with an adolescent male, clothed with a sheet over him. Chaves argues, "The district court could not use a dismissed misdemeanor as the basis for substantially increasing Mr. Chaves's sentence in this case." While that may be true insofar as it goes, that is not what happened in this case.

It is well established that a sentencing court is entitled to consider a wide range of information in determining the appropriate sentence for a defendant, including the existence of the defendant's alleged criminal activity for which no charges have been filed, or where charges have been dismissed. *State v. Barnes*, 121 Idaho 409, 411, 825 P.2d 506, 508 (Ct. App. 1992). While the district court noted that the circumstances regarding the ultimately dismissed misdemeanor

were "extremely concerning and would constitute a violation of the no-contact order" if true, the district court's sentence did not rely solely on any one factor or even exclusively on the two facts challenged by Chaves. At sentencing, the district court noted that it heard the evidence in the trial, which was similar, but not identical, to the evidence presented in the first trial. The district court reviewed and considered the presentence investigation report (PSI) and the psychosexual evaluation (PSE), which was not available in the first sentencing hearing, and indicated that Chaves is an ongoing risk to society, has not accepted responsibility for his criminal actions, and does not see a need for treatment. The district court noted that this was Chaves's second conviction for sexual conduct with minor male victims and that this case was "more than just a crime of opportunity but a carefully laid trap to entice children for the purpose of Mr. Chaves' sexual gratification." The district court found the subsequently dismissed misdemeanor no-contact order violation troubling because it indicated a pattern of Chaves's behavior around adolescent males, even after two felony convictions for sexual contact with minors. The district court noted the greater negative effects the victim suffered as he got older as a result of the crime. Thus, the district court considered the totality of the information available in reaching its conclusion. As such, Chaves has failed to establish the district court abused its discretion in imposing the sentence in this case.

Therefore, Chaves's judgment of conviction and sentence are affirmed.