IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 47979 & 47980

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 31, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| KAYLA DIANNE HANCHEY, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Eric J. Wildman, District Judge.

Orders revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kacey L. Jones argued.

_____

LORELLO, Judge

In these consolidated appeals, Kayla Dianne Hanchey appeals from orders revoking her probation in two separate cases. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Hanchey pled guilty to possession of methamphetamine, I.C. § 37-2732(c)(1), in Docket No. 47979 and concealment of evidence, I.C. § 18-2603, in Docket No. 47980. The district court sentenced Hanchey to concurrent, unified, five-year terms, with minimum periods of confinement of two years; suspended the sentences; and placed Hanchey on probation for three years. Two months later, the State moved to revoke Hanchey's probation. After Hanchey admitted violating various terms of her probation, the district court revoked her

probation, imposed the underlying sentences, and retained jurisdiction. At the conclusion of the period of retained jurisdiction, the district court placed Hanchey back on probation for another three years. Two and one-half years later, the State again moved to revoke Hanchey's probation, alleging she tested positive for drugs on two occasions, failed to appear for "approximately" seven other drug tests, and failed to "make herself available for supervision." Hanchey then absconded to Arizona.

While in Arizona, Hanchey was convicted of a drug offense and incarcerated for a year. After being released, Hanchey returned to Idaho. Hanchey subsequently became aware of an active warrant for her arrest related to the State's second motion for probation violation and voluntarily appeared in court and admitted the alleged violations. The district court released Hanchey to the supervision of her probation officer pending disposition of the State's motion to revoke probation. During the probation violation disposition hearing, the district court asked if Hanchey or the State had any "additions or corrections" to the updated presentence investigation report (PSI). Hanchey identified two such "additions or corrections." First, Hanchey stated that the PSI indicated she violated her probation by twice failing to report full-time employment without clarifying that she was in Arizona when the latter instance occurred. Second, Hanchey asserted that the PSI indicated six of the seven drug tests she submitted to were positive without also indicating that all but one of the tests occurred prior to her absconding to Arizona. The district court responded to Hanchey's proffered additions by saying, "Give me a minute here" and then sought disposition recommendations from the State. After hearing both parties' disposition recommendations, the district court revoked Hanchey's probation and imposed the underlying sentences. Hanchey appeals.

## II.

## STANDARD OF REVIEW

The decision whether to strike information from a PSI is reviewed for an abuse of discretion. *See State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010). A decision to revoke probation is also discretionary. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion;

2

(3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Hanchey argues the district court erred by failing to redline her PSI after accepting her proposed "corrections." Hanchey also argues that the district court abused its discretion by revoking her probation and ordering her underlying sentences executed. The State responds that Hanchey has not preserved her redlining arguments and that, even if she did, she failed to establish that any information in her PSI should be stricken. The State further contends that Hanchey has not shown an abuse of discretion in the revocation of her probation or the execution of her underlying sentences. We conclude that Hanchey has not shown reversible error.

### A.     Error Preservation

Initially, we address the State's preservation arguments. The State contends that Hanchey's argument that the district court erred by failing to redline her PSI is not preserved. We first address the State's contention that Hanchey's claim is unpreserved because she "never requested that the district court reject any information" in her PSI. We decline to conclude that Hanchey's claim is unpreserved on this basis.

This Court has held that a trial court's oral request for and apparent acceptance of "additions or corrections" to a PSI during sentencing can trigger the trial court's duty to redline information in a PSI in the absence of a formal motion to strike. *State v. Golden*, 167 Idaho 509, 512, 473 P.3d 377, 380 (Ct. App. 2020) (holding that a formal motion to strike is unnecessary when the trial court "specifically requests counsel to identify additions or corrections to the PSI for the record"). In *Golden*, the trial court, during the sentencing hearing, orally requested additions or corrections to Golden's PSI. When Golden indicated he had some suggested additions or corrections, the district court responded: "All right. Just let me know which page so I can note the changes on the record." *Id.* Golden then proposed numerous additions and corrections, including corrections to his criminal history, employment history, and reported level of alcohol consumption. As Golden identified each proposed addition or correction, the district court responded "all right" to each while apparently looking at a copy of the PSI. *Id.* On appeal, despite

not making a formal motion to strike, Golden argued that the trial court abused its discretion because "it did not redline any section of the PSI contained in the record on appeal." *Id.* at 511, 473 P.3d at 379. Because the trial court specifically requested additions or corrections to the PSI, we held Golden was not required to make a formal motion to strike. *Id.* at 512, 473 P.3d at 380.

At the outset of Hanchey's disposition hearing, the district court orally requested "additions or corrections" to the PSI. In response, Hanchey indicated she had two proposed corrections or additions. Accordingly, Hanchey's failure to formally move to strike information from her PSI does not render her redlining arguments unpreserved for appeal. *See id.*

We next address the State's contention that Hanchey's redlining arguments are unpreserved because she failed to obtain an adverse ruling from the district court. It is well settled that for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996). According to Hanchey, the State's argument "is meritless under *Golden*" because we held in that case that "a response to the [trial] court's request for additions or corrections was sufficient to justify relief." There are, however, important factual distinctions between *Golden* and this case.

As discussed above, the trial court in *Golden* solicited additions and corrections to the PSI from the parties, indicated that it would "note the changes on the record," and responded to each of Golden's proposed additions with an "all right." Notably, after Golden's comments, the prosecution acknowledged Golden's PSI erroneously indicated he had been charged with and acquitted of attempted murder. On appeal, Golden argued that the trial court abused its discretion because "it did not redline any section of the PSI contained in the record on appeal." *Golden*, 167 Idaho at 511, 473 P.3d at 379. Ultimately, this Court remanded the case to "ensure that the [trial] court's additions or corrections are reflected on Golden's PSI and that the corrected PSI is the one distributed per I.C.R. 32(h)." *Golden*, 167 Idaho at 512-13, 473 P.3d at 380-81.

As previously noted, the district court solicited additions or corrections from the parties at the beginning of Hanchey's disposition hearing. After hearing Hanchey's proposed changes to the PSI, the district court responded by saying, "Give me a minute here. Okay." Hanchey interprets the district court's response to that solicitation as indicating the district court's acceptance of her proposed revisions. However, unlike *Golden*, where the trial court responded to each of the

solicited additions and corrections in a manner reasonably indicating acceptance, or at least a willingness to note the changes on the record, the district court's response to Hanchey's proposed additions and corrections was, at best, ambiguous. More importantly, and also unlike *Golden*, the State did not acknowledge that Hanchey's PSI contained any inaccurate or unreliable information, nor did Hanchey offer any evidence indicating such. Rather, Hanchey's counsel merely asked that *additional* information be included in the PSI to reflect Hanchey's explanation regarding her failure to report full-time employment and to reflect the timing of her failed drug tests relative to absconding.

Moreover, in light of the district court's request for disposition recommendations from the State immediately after saying "Okay," that statement is most reasonably interpreted as a means of transitioning to a different topic--not an express acceptance of Hanchey's proposed additions. In short, under the circumstances, we will not infer from the district court's response that it accepted Hanchey's proposed additions to her PSI. Thus, we lack any determination by the district court subject to appellate review. Accordingly, Hanchey's argument that the district court erred by failing to redline her PSI is unpreserved due to her failure to obtain a ruling from the district court regarding the acceptance of her proposed additions.

**B.      Additions to PSI**

Even if Hanchey had obtained a sufficiently clear ruling from the district court regarding her proposed additions, her redlining argument would fail on the merits. Hanchey argues that the district court abused its discretion by failing to redline her PSI after accepting her proffered additions to the document. The State responds that Hanchey failed to show she is entitled to have any information added to the PSI in order to prevent future prejudice.

The rules of evidence do not apply to a PSI or in probation revocation proceedings. I.R.E. 101(e)(1); *see State v. Peters*, 119 Idaho 382, 382, 807 P.2d 61, 61 (1991) (observing that the rules of evidence do not apply to probation revocation proceedings); *Golden*, 167 Idaho at 511, 473 P.3d at 379 (observing that the rules of evidence do not apply to a PSI). Trial courts have the discretion to consider information in a PSI believed to be reliable that would otherwise be inadmissible at trial so long as the defendant receives an opportunity to present favorable evidence and explain or rebut the adverse information. *Molen*, 148 Idaho at 961, 231 P.3d at 1058. Two distinct obligations limit this discretion. Not only must a trial court reject inaccurate, unfounded,

5

or unreliable information contained in a PSI, such information must also be "redlined"[1] from the document. *Golden*, 167 Idaho at 511, 473 P.3d at 379. The trial court must then forward a copy of the redlined PSI to the Idaho Department of Correction. *Id.* This procedure ensures a clear record for review and protects the defendant against future misuse of the unreliable information. *Molen*, 148 Idaho at 961, 231 P.3d at 1058. A trial court need not, however, strike or disregard any information in a PSI that a defendant disputes. *State v. Carey*, 152 Idaho 720, 722, 274 P.3d 21, 23 (Ct. App. 2012). If disputed portions of the PSI are not facially unreliable, the defendant must supply a sufficient basis for the trial court to make an independent determination on the reliability of the disputed information. *Id.* at 722-23, 274 P.3d at 23-24.

Hanchey faults the district court for failing to redline two aspects of her PSI. After ensuring that both parties had received copies of the PSI, the district court solicited additions and corrections to the PSI. In response to that request, the following exchange occurred:

[Court]: Okay. Were there--I note that [the PSI] was one issued in an older case, but then there was also new commentary on [the PSI]. So were there any additions or corrections to that?

[Counsel]: There were just a couple that Ms. Hanchey brought to my attention. The first one is on page three. It does say that--well, I guess part of her violations were that she didn't report full-time employment in February of 2018 or May of 2019. In May of 2019 she was still in Arizona and in custody. No, she was out on parole. So I don't know. Anyway, so she was still in Arizona at that point.

And then on the last page of the report, page eighteen, it states that out of seven drug tests that she provided, six resulted in positives for an illegal substance. Those were all before she went to Arizona, so initially in the probation violation. Those were not new tests. She just had the one on January 16th.

[Court]: Give me one minute here. Okay. I'll hear comments and recommendations from the State.

The PSI in the appellate record does not reflect that the district court modified the document to include Hanchey's proffered additions. The absence of modifications is unsurprising, however, as the file stamp on the version of Hanchey's PSI included in the record on appeal indicates that the

---

[1] "Redlining" refers to a process by which a trial court "physically notes" the excluded portions of a PSI on the document. *Id.* at 961, 231 P.3d at 1058. This process includes the physical notation of both additions and corrections on a PSI. *Golden*, 167 Idaho at 512-13, 473 P.3d at 380-81.

document was filed *prior* to the disposition hearing.[2]   However, under somewhat similar circumstances, this Court has remanded to ensure that the version of a PSI distributed per I.C.R. 32(h) contained a trial court's additions and corrections to a PSI. *See Golden*, 167 Idaho at 512-13, 473 P.3d at 380-81.

Assuming that the district court accepted Hanchey's proposed additions to the PSI, Hanchey argues on appeal that, "when the district court accepts a proffered correction, its duty to redline the PSI kicks in."   Hanchey's argument misapprehends the scope of a trial court's obligation to redline a PSI.   A trial court's obligation to redline a PSI has consistently been identified with the prohibition against the inclusion of conjecture and speculation in a PSI and the trial court's duty to disregard such information.  *See* I.C.R. 32(e)(1) ("conjecture and speculation should not be included in the presentence report"); *Golden*, 167 Idaho at 511, 473 P.3d at 379 (observing that trial courts must disregard inaccurate, unfounded, or unreliable information in a PSI).  The Idaho Supreme Court has held that facially speculative and unreliable information in a PSI should be stricken absent an explanation from the presentence investigator indicating why the information was deemed reliable. *State v. Mauro*, 121 Idaho 178, 183, 824 P.2d 109, 114 (1991). *But see State v. Sivak*, 127 Idaho 387, 390, 901 P.2d 494, 497 (1995) (holding that the inclusion of hearsay statements in a PSI implied that the presentence investigator found the statements reliable).   The only information that this Court has indicated should be redlined from a PSI is information found to be inaccurate or unreliable.  *See Molen*, 148 Idaho at 961, 231 P.3d at 1058; *State v. Rodriguez*, 132 Idaho 261, 262, 971 P.2d 327, 328 (Ct. App. 1998).   Although *Golden* involved "additions and corrections" to a PSI, the proffered additions and corrections that the trial court ostensibly accepted in that case remedied inaccurate information in the PSI.  For example, the trial court in *Golden* changed the restitution section of the PSI to correctly reflect Golden's employment status, and the trial court revised comments about Golden's criminal record that misstated his pending charges.   In short, a trial court has an obligation to redline a PSI only to eliminate speculation and conjecture or to remedy inaccuracies.  *See Carey*, 152 Idaho at 722-23, 274 P.3d at 23-24.  A trial court need not revise a PSI, however, to incorporate all information

---

[2]    Hanchey's appellate brief asserts "[a]ppellate counsel inquired of the district court clerk whether there was a copy of the new PSI with these corrections marked on it and was informed there was not."

proffered by a defendant. *See* I.C.R. 32(b) (describing required content of presentence investigation reports).

The critical question then is not, as Hanchey contends, whether the district court found her proffered additions reliable. Rather, we must address whether Hanchey triggered the district court's obligation to redline her PSI by disputing facially unreliable information or by presenting sufficient information for the district court to independently determine the reliability of the challenged information. *See id.* As Hanchey did not argue that her PSI contained any facially unreliable information, our review is limited to whether she presented sufficient information for the district court to determine that the disputed portions of her PSI were inaccurate or unreliable.

As described above, the first portion of the PSI that Hanchey addressed during her disposition hearing was a section reciting the official version of her alleged probation violations. Specifically, Hanchey commented on a statement in that section indicating that she violated her probation by, among other things, "not reporting full-time viable employment in February 2018 and May 2019." During the disposition hearing, Hanchey did not expressly dispute that she had not reported full-time employment in May 2019. Instead, Hanchey asserted only that she "was still in Arizona at that point" on parole.

On appeal, Hanchey contends that the State conceded this portion of her PSI contains inaccurate information. In support of this argument, Hanchey cites a section of the State's brief on appeal indicating that her objection to the PSI arose from an apparent typographical error in her probation officer's original report of violations that was reiterated in the PSI.[3] However, Hanchey's objection to the PSI during the disposition hearing did not bring the alleged typographical error to the district court's attention, nor did she dispute that she failed to report full-time employment in 2019. Moreover, Hanchey's proffered addition, which would have added information about when she was on parole in Arizona, would not have eliminated or corrected the inaccurate information she now contends was included in her PSI. Thus, Hanchey failed to present

---

[3]     The original report of violations, dated June 5, 2018, states that Hanchey reported she was employed during a May 22, 2019, office visit. The report goes on to state that the employer indicated Hanchey had not returned after her first day of employment. The State's appellate brief asserts that the date listed for Hanchey's office meeting with her probation officer is a typographical error as the report was drafted and filed with the district court in 2018.

sufficient information to the district court to facilitate an independent determination that the information indicating she failed to report employment in 2019 was unreliable or inaccurate. Consequently, Hanchey's proffered addition did not trigger the district court's obligation to redline the PSI.

The second portion of the PSI Hanchey addressed was a comment by the presentence investigator that, "out of the seven drug tests [Hanchey] has provided, six have resulted positive for an illegal substance." Hanchey did not dispute during the disposition hearing that six of her seven drug tests indicated she had used controlled substances. Rather, Hanchey merely noted that only one of the seven tests had occurred since she returned from Arizona. However, another section of Hanchey's PSI indicated that the seven drug tests occurred between May 2018 and February 2020. The special progress report from Hanchey's probation officer included in the PSI indicates that she tested positive for drugs only once after returning to Idaho. Thus, even if the presentence investigator's comment (considered in isolation) could be interpreted as suggesting Hanchey had tested positive for drugs six times since returning from Arizona, a fair reading of the entire PSI belies such an interpretation. Accordingly, Hanchey did not present information to the district court indicating that the presentence investigator's comments were inaccurate or unreliable such that the district court had a duty to redline that portion of the PSI.

In sum, Hanchey's proffered additions did not trigger the district court's obligation to redline the PSI. Accordingly, even if the district court found Hanchey's proffered additions reliable *and* the version of her PSI distributed per I.C.R. 32(h) does not contain the additions, Hanchey has not shown error.

B.      **Probation Revocation**

Hanchey contends that the district court erred by revoking her probation and imposing her underlying sentences. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a trial court must examine whether the probation is achieving the goal of rehabilitation while protecting society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at

9

327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601.

A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

On appeal, Hanchey does not challenge her admission to violating her probation. Thus, our review will focus on the district court's decision to revoke probation. During Hanchey's disposition hearing, the district court indicated that her lengthy history of poor performance on probation rendered her an unsuitable candidate for probation. The district court stated:

> The first thing that pops up is these are both very old cases, and you have been given multiple opportunities to turn your life around. You've had inpatient treatment. You've had an opportunity at drug court. You've had an opportunity at a retained jurisdiction, and the indications to me are that you haven't changed.
>
> You're pregnant, and you're using while you're pregnant. You're definitely not a suitable candidate for probation in that regard. In fact, even with my probationers with drug court who are pregnant and continue to use, I'm hesitant to put them in drug court.

Considering the age of the cases and opportunities Hanchey received to rehabilitate, the district court revoked her probation in an exercise of discretion.

Hanchey contends that the two grounds the district court articulated for revoking her probation "do not demonstrate that probation could not achieve the goal of rehabilitation in [her] case." Despite a lengthy history of drug use and noncompliance with probation, Hanchey asserts that "prior treatment efforts were not wholly ineffective, and that, with proper supervision, probation could achieve the goals of sentencing." Hanchey's argument is unpersuasive and does not demonstrate an abuse of discretion. Two months into Hanchey's first probationary term, she was terminated from drug court and admitted multiple probation violations, resulting in revocation

10

of her probation and a period of retained jurisdiction. During a second term of probation following the period of retained jurisdiction, Hanchey absconded when the State moved to revoke her probation again after several positive drug tests, failed to appear for other such tests, and missed appointments with her probation officer. While absconding from her Idaho probation, Hanchey was incarcerated in Arizona after being convicted of another drug crime. Once under supervised release after returning to Idaho, Hanchey tested positive for marijuana on one occasion, admitted using the drug on another occasion, and changed her address without first informing her probation officer. Moreover, even if Hanchey was unaware of her pregnancy when she used marijuana after returning to Idaho, as she claimed during the disposition hearing, the district court did not abuse its discretion by considering the possibility that she may continue using drugs while pregnant in light of her prior history of drug use and noncompliance.

Applying the relevant legal standards, we cannot say the district court abused its discretion by revoking Hanchey's probation and ordering execution of her underlying sentences. The district court expressly recognized the decision to revoke probation was discretionary and exercised that discretion to revoke Hanchey's probation and order her sentences executed. In doing so, the district court acted consistently with applicable legal standards and within the boundaries of its discretion after determining that Hanchey was not a suitable candidate for probation.

## IV.

## CONCLUSION

Hanchey has failed to show that the district court abused its discretion by failing to redline her PSI or by revoking her probation and ordering her sentences executed. Accordingly, the district court's orders revoking Hanchey's probation are affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.