**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48395**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  April 13, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CALEB MICHAEL HENRIKSEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Caleb Michael Henriksen appeals from his judgment of conviction for possession of a controlled substance.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Henriksen pled guilty to an amended charge of felony possession of marijuana.[1]  I.C. § 37-2732(e).  In exchange for Henriksen's plea, the State agreed to recommend probation and not object to a withheld judgment.  During the subsequent sentencing hearing, the district court inquired whether Henriksen or his counsel had "any corrections that

_____

[1]     The State initially charged Henriksen with possession with intent to deliver a controlled substance.

1

should be made to" Henriksen's presentence investigation report (PSI). Henriksen's counsel responded that the PSI described Henriksen "as being homeless and couch[-]surfing," but that he was, by the time of sentencing, "residing at his grandparents' house" and was no longer homeless. The district court confirmed with Henriksen that this was his only proposed correction, inquired whether the parties had any evidence to present, and then solicited the parties' sentencing recommendations. Despite the parties' joint recommendation, the district court did not withhold judgment and sentenced Henriksen to a unified term of four years, with a minimum period of confinement of two years, and retained jurisdiction. Henriksen appeals.

## II.

## STANDARD OF REVIEW

The decision to strike information from a PSI is reviewed for an abuse of discretion. *See State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010). The decision to withhold judgment after a person has been convicted of a crime is also discretionary. *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Henriksen argues that the district court abused its discretion by failing to redline his PSI after accepting his proposed correction and by improperly applying a heightened legal standard to reject the parties' joint recommendation to withhold judgment. The State responds that Henriksen failed to obtain a ruling on his proposed correction or demonstrate that his PSI contained inaccurate or unreliable information subject to redlining. Additionally, the State contends that the district court properly denied Henriksen a withheld judgment because he "was demonstrably not fit for probation and a withheld judgment would have been inappropriate." We hold that the district court was not obligated to redline the PSI and that Henriksen has otherwise failed to show reversible error.

2

**A. Correction to PSI**

Henriksen argues that the district court erred by failing to redline his PSI to include his proffered correction regarding his housing situation. The State responds that the record does not indicate that the district court actually accepted Henriksen's proposed correction and, even if the correction was accepted, the district court was not obligated to redline the PSI. We agree with both of the State's arguments and hold that Henriksen has failed to show the district abused its discretion.

The rules of evidence do not apply to a PSI. I.R.E. 101(e)(1); *see State v. Golden*, 167 Idaho 509, 511, 473 P.3d 377, 379 (Ct. App. 2020). Trial courts have the discretion to consider information in a PSI believed to be reliable that would otherwise be inadmissible at trial so long as the defendant receives an opportunity to present favorable evidence and explain or rebut the adverse information. *Molen*, 148 Idaho at 961, 231 P.3d at 1058. Two distinct obligations limit this discretion. Not only must a trial court reject inaccurate, unfounded, or unreliable information contained in a PSI, such information must also be "redlined" from the document. *Golden*, 167 Idaho at 511, 473 P.3d at 379. The trial court must then forward a copy of the redlined PSI to the Idaho Department of Correction. *Id.* This procedure ensures a clear record for review and protects the defendant against future misuse of the unreliable information. *Molen*, 148 Idaho at 961, 231 P.3d at 1058. A trial court need not, however, strike or disregard any information in a PSI that a defendant disputes. *State v. Carey*, 152 Idaho 720, 722, 274 P.3d 21, 23 (Ct. App. 2012). If disputed portions of the PSI are not facially unreliable, the defendant must supply a sufficient basis for the trial court to make an independent determination on the reliability of the disputed information. *Id.* at 722-23, 274 P.3d at 23-24.

Henriksen contends that the district court was obligated to redline his PSI to clarify that, by the time of sentencing, he was no longer "homeless and couch-surfing" but rather "living full[-]time with his grandparents." After ensuring Henriksen had read and discussed the PSI with his counsel, the district court indicated either Henriksen or his counsel could "make [the district court] aware of any corrections that should be made to" the PSI. The following exchange then occurred:

> [Defense Counsel]:  Your Honor, the only correction I noted would be on page 7. Under the Accommodations section, it describes [Henriksen] as being homeless and couch-surfing.

|  |  |
|---|---|
|  | [Henriksen] is currently now staying at his grandmother's and grandfather's house. That address is listed right below. So [Henriksen is] no longer homeless or couch-surfing. He is residing at his grandparents' house. |
| [Court]: | All right. And Mr. Henriksen, do you agree that that's the only correction? |
| [Henriksen]: | Yes, Your Honor. |

The district court then solicited proposed corrections to the PSI from the State, which had none, and heard sentencing recommendations from both parties. The PSI in the appellate record, however, does not reflect that the district court modified the document to include Henriksen's proffered correction. The absence of the proffered correction is unsurprising, however, as the file stamp on the version of Henriksen's PSI included in the record on appeal indicates that the document was filed *prior* to the sentencing hearing.

In *Golden*, this Court remanded to ensure that the version of the PSI distributed per I.C.R. 35(h) contained the trial court's additions and corrections. *Golden*, 167 Idaho at 512-13, 473 P.3d at 380-81. In that case, we stated:

> We acknowledge now that PSIs are filed electronically before sentencing, the district courts may need to adopt a new procedure to ensure the PSI submitted as a documentary exhibit in the appellate record, as Idaho Appellate Rule 31(b) requires, is the version of the PSI containing the court's changes, additions, or redlining made at the time of sentencing rather than the PSI the presentence investigator originally submitted to the court. Unless and until the Idaho Supreme Court implements a rule governing such a procedure, we leave it to the district courts to determine the best way to ensure the corrected PSI is in the appellate record.

*Golden*, 167 Idaho at 512, 473 P.3d at 380.

While we noted in *Golden* that the PSI in the appellate record did not reflect changes obviously ordered by the court, it is the burden of the defendant to ensure the sentencing court has appropriately documented the ordered changes. *See State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985) (explaining it is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). For purposes of appeal, it is insufficient to point to the PSI that was created prior to sentencing as evidence that the defendant's inaccurate, unfounded, or unreliable information was not stricken from the PSI. Instead, the defendant must

4

include the PSI that was distributed to the Department of Correction, along with any judicial order regarding those corrections, to provide an adequate record in support of his or her claim. Because a copy of the PSI actually distributed to the Department of Correction is absent from the record on appeal, Henriksen has failed to provide an adequate record to review his redlining arguments.

Even assuming the district court accepted what Henriksen claims to be a correction to his PSI and the version of the PSI distributed per I.C.R. 35(h) does not reflect the correction, his argument that the district court had an obligation to redline his PSI to include the correction fails. A trial court's obligation to redline a PSI has consistently been identified with the prohibition against the inclusion of conjecture and speculation in a PSI and the trial court's duty to disregard such information. *See* I.C.R. 32(e)(1); *State v. Hanchey*, 169 Idaho 635, 641, 500 P.3d 1159, 1165 (Ct. App. 2021). In short, a trial court has an obligation to redline a PSI only to eliminate speculation and conjecture or to remedy inaccuracies. *Hanchey*, 169 Idaho at 641, 500 P.3d at 1165. A trial court need not revise a PSI, however, to incorporate all information proffered by a defendant. *Id.*

The question this Court must address is whether Henriksen triggered the district court's obligation to redline his PSI by disputing facially unreliable information or by presenting sufficient information for the district court to independently determine the reliability of the challenged information. *See id.* In this case, Henriksen argued that a portion of his PSI related to his "accommodations" did not accurately reflect his then-current housing situation. The allegedly erroneous portion of Henriksen's PSI indicated that he had described his "living situation as 'homeless' and 'couch-surfing' over the past year." According to Henriksen, this information was "no longer accurate" because he had moved in with his grandparents by the time of sentencing. The allegedly erroneous information Henriksen identified in his PSI actually conveys his own account of his living situation. That description relates to Henriksen's housing situation *prior* to the creation of his PSI--not at the time of sentencing. Any change in Henriksen's housing situation *after* the presentence investigation does not affect the accuracy or reliability of the PSI's account of Henriksen's own description of his prior housing that he gave during the presentence interview.

Contrary to Henriksen's argument on appeal, this Court's opinion in *Molen* does not require redlining a PSI to incorporate information about circumstances arising after the presentence investigation. At issue in *Molen* was whether a district court erred by declining to

strike information in a PSI related to a twenty-five-year-old report of "substantiated sexual abuse" of a child that could not be reliably linked to the defendant. *Molen*, 148 Idaho at 961-62, 231 P.3d at 1058-59. As *Molen* did not involve a change in circumstances arising after the creation of the PSI, the case is inapposite. Henriksen's stated change in housing did not render his description of his lack of housing prior to the presentence investigation inaccurate or unreliable. Thus, Henriksen failed to trigger the district court's obligation to redline his PSI.

**B.**     **Withheld Judgment**

Henriksen also argues that the district court abused its discretion by rejecting the parties' joint recommendation for a withheld judgment. Specifically, Henriksen contends that the district court relied upon I.M.C.R. 10, which governs granting a withheld judgment in a misdemeanor case, to reject the joint recommendation for a withheld judgment, but actually "applied a higher standard than the rule provides." The State responds that the district court did not apply I.M.C.R. 10 and, even if it did, Henriksen failed to show that the district court abused its sentencing discretion.

After hearing the parties' sentencing arguments, the district court rejected their joint recommendation to withhold judgment and, instead, imposed a unified term of four years, with a minimum term of confinement of two years, and retained jurisdiction. The district court then gave the following explanation of its sentencing rationale:

> I need to explain . . . why I am utilizing a retained jurisdiction. For me to put anybody on probation I have to have some sort of basis that they will succeed on probation. . . . Probation is the outcome that judges should strive for. I can't get there with [Henriksen].

The district court then recounted Henriksen's history of defying "all sorts of court orders" from the inception of the case. Henriksen was ordered to submit to drug testing as a condition of pretrial release. However, according to the district court, not only did Henriksen test positive for cannabinoids on multiple occasions, but his testing history was also "replete" with "no-shows." This record of poor performance on pretrial release convinced the district court that Henriksen "would not do well on probation." When expounding on why judgment was not withheld, the district court indicated:

> [R]eally the only thing we have to go on for a withheld judgment is, oddly enough, Idaho Criminal Rule 10, and there has to be an abiding conviction that you would

6

do well on probation in order to grant somebody a withheld judgment, so . . . I don't think I can in good conscience consider a withheld judgment.

I appreciate the State's recommendation for that and the State's recommendation for probation. The [PSI] author recommends a retained, and I think that's a well-reasoned decision given predominantly your performance in this case for the last five months.

[Henriksen]--in spite of really not much of a prior record you have an LSI that is quite disturbingly high. It's a 31. For someone your age and lack of a record that's pretty amazing. I do understand and appreciate [counsel's] argument that you've had a troubled life, your first contact with law enforcement was at age 11, and that you have autism or a diagnosis of that, and that you've been through some counseling, that you've had a mother that presented with some difficulty, that you've been in foster care. I understand all of those things, but that doesn't provide an excuse for missing all the drug testing. You have a decision to make every time and that was to go to drug testing or not, and more--and many times you decided not to. The fact that you couldn't afford it, that could've been rectified if your attorney would've applied to the Court and asked for court-administered funds to be used for that. I've done that without question before, so there--in my book there's absolutely no reason for you to have missed drug testing.

Henriksen contends that the district court misspoke when it referenced I.C.R. 10, which relates to charging documents, and instead intended to invoke I.M.C.R. 10. Idaho Misdemeanor Criminal Rule 10 provides, in pertinent part: "Before granting any withheld judgment pursuant to section 19-2601, Idaho Code, in the magistrates division, the court must consider . . . [w]hether it reasonably appears that the defendant will abide by the terms of the probation." Henriksen contends that the district court "primarily based" its decision not to withhold judgment on "whether [he] could be successful on probation given his struggles in conforming with the requirements of pretrial release." Despite acknowledging that I.M.C.R. 10 does not directly apply to felony sentencing proceedings, Henriksen faults the district court for ostensibly taking guidance from the rule but then allegedly applying "a higher standard than the Rule provides by requiring 'there has to be an *abiding conviction* that [he] would do well on probation'" as a prerequisite to a withheld judgment.

Even assuming the district erred by applying a higher legal standard than that established by I.M.C.R. 10, remand for resentencing is unnecessary. As stated above, the decision to withhold judgment after a person has been convicted of a crime is discretionary. *Edghill*, 134 Idaho at 219, 999 P.2d at 256; *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct. App. 1999). Refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has

sufficient information to determine that a withheld judgment would be inappropriate. *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct. App. 1985). The State contends that the district court "rejected Henriksen's request for a withheld judgment because [he] was demonstrably not fit for probation and a withheld judgment would have been inappropriate." We agree. During Henriksen's sentencing hearing, the district noted that throughout the case Henriksen had "been defiant to all sorts of court orders." The district court then set forth at length Henriksen's many positive drug tests and "no-shows" for testing while on pretrial release--despite a pretrial release condition requiring him to submit to such testing. Immediately after reciting Henriksen's history of noncompliance, the district court indicated that is what convinced it "that [Henriksen] would not do well on probation." The district court was unpersuaded by Henriksen's contention that he could not afford the drug testing because he could have, but did not, move for "court-administered funds" to pay for the tests. The district court acknowledged that probation is "the preferred outcome" of sentencing that "judges should strive for," but determined that Henriksen was not an appropriate candidate for probation. This was a proper exercise of the district court's sentencing discretion.

## IV.

## CONCLUSION

Henriksen has failed to provide a sufficient record to facilitate review of his redlining claim. Even assuming the district court failed to redline the copy of Henriksen's PSI distributed per I.C.R. 35(h) to include information about his housing situation at the time of sentencing, he has not shown that the district court was obligated to redline his PSI with that information. Additionally, even if the district court applied a heightened legal standard to the one set forth in I.MC.R. 10, which does not apply to felony sentencing, in deciding to reject the parties' joint request to withhold judgment, Henriksen has failed to show the district court abused its sentencing discretion. Accordingly, Henriksen's judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.