**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39105**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **2012 Opinion No. 17** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Filed: April 10, 2012** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **JACK E. CAREY,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for failure to register as a sex offender, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jack E. Carey was convicted of failure to register as a sex offender, Idaho Code §§ 18-8309, 18-8311. The district court sentenced Carey to a unified term of ten years, with a minimum period of confinement of three years to run concurrently with a prior sentence. Carey appeals, contending that his sentence is excessive and that the district court abused its discretion in failing to rule on or "redline" his objections to portions of the presentence investigation report (PSI).

We address first Carey's contention that the district court erred by failing to rule upon his objections to portions of the PSI and to strike portions that he contends were inadmissible or inaccurate. The rules of evidence are not applicable to a PSI, and evidence that would otherwise be inadmissible at trial may be considered in the trial court's discretion. *State v. Rodriguez*, 132

1

Idaho 261, 263, 971 P.2d 327, 329 (Ct. App. 1998); *Fodge v. State*, 125 Idaho 882, 885, 876 P.2d 164, 167 (Ct. App. 1994). Hearsay information believed to be reliable may be set forth in a presentence report, so long as the defendant is afforded an opportunity to present favorable evidence and to explain or rebut the adverse information. However, hearsay information must be disregarded if there is no reasonable basis to deem it reliable, as where the information is simply conjecture. *See* Idaho Criminal Rule 32(e)(1); *Rodriguez*, 132 Idaho at 263, 971 P.2d at 329; *State v. Viehweg*, 127 Idaho 87, 92, 896 P.2d 995, 1000 (Ct. App. 1995); *Fodge*, 125 Idaho at 886, 876 P.2d at 168; *Cunningham v. State*, 117 Idaho 428, 431, 788 P.2d 243, 246 (Ct. App. 1990); *State v. Eubank*, 114 Idaho 635, 637, 759 P.2d 926, 928 (Ct. App. 1988).

For his assertion that several statements should have been stricken from his PSI, Carey relies upon *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991), *Rodriguez*, and *State v. Molen*, 148 Idaho 950, 231 P.3d 1047 (Ct. App. 2010). In *Mauro*, the Idaho Supreme Court held that, in the absence of any explanation from the presentence investigator as to why he believed the information reliable, certain hearsay information in the report contained so much speculation and conjecture that it should not have been relied upon by the trial court. *Mauro*, 121 Idaho at 183, 824 P.3d at 114. In *Rodriguez*, the district court had partially granted the defendant's motion to strike certain material from the PSI. With respect to that material which the district court concluded should be disregarded, we observed that rather than merely articulating which portions of the PSI would not be considered, the better practice would be to "redline" the report with written notations as to what portions are excluded. We stated that "this procedure not only ensures a clear record for review but also protects the defendant against misuse of the unreliable information in the future." *Rodriguez*, 132 Idaho at 262 n.1, 971 P.2d at 328 n.1. We also held, however, that the trial court did not err in refusing to exclude other hearsay because one of the hearsay declarants testified at the hearing where Rodriguez had an opportunity to cross-examine, and the remaining hearsay declarants were clearly identified in the PSI so Rodriguez could have subpoenaed them for cross-examination had he wished to do so. Rodriguez also had the opportunity to rebut the information of the hearsay declarants. We said, "The sentencing court was therefore presented with both the assertions of the prosecution found in the PSI and hearing testimony as well as Rodriguez's rebuttal information. This gave the court sufficient information to make an independent determination on the reliability of the hearsay statements. . . .

Accordingly, the district court did not abuse its discretion when it only partially granted Rodriguez's motion to strike portions of his PSI report." *Id.* at 264, 971 P.2d at 330.

In *Molen*, the district court had agreed to disregard unreliable information in the PSI, but denied Molen's motion to strike the information from the report. We held that the court erred in refusing to strike the information, for the reasons stated in *Rodriguez*. We said that as in *Rodriguez*, the unreliable information should have been stricken from the PSI to prevent future prejudice to the defendant. *Molen*, 148 Idaho at 961-62, 231 P.3d at 1058-59.

Carey's first claim of error regarding the content of the PSI is a contention that the district court erred in its response to the request by defense counsel to change the description of Carey's religion in the PSI from "Christian/Protestant" to "Celtic/Wiccan." According to Carey, the court erred because "while it verbally noted the change, it did not redline the copy of the PSI . . . ." This contention is without merit, for the transcript of the sentencing hearing shows that defense counsel expressly declined the court's offer to formally make that change on the PSI:

> THE COURT: Is that a significant change that you want to do an order on that?
> [DEFENSE COUNSEL]: No, Judge. We just wanted the presentence to reflect that that's his religion of choice.
> THE COURT: And that will go on mine, but it does not go into the Department of Corrections.
> [DEFENSE COUNSEL]: That's fine, Judge. Thank you.

A party may not assert as error on appeal an action by the trial court that the party invited, acquiesced in, or consented to. *State v. Owsley*, 105 Idaho 836, 837-38, 673 P.2d 436, 437-38 (1983); *State v. Carlson*, 134 Idaho 389, 402, 3 P.3d 67, 80 (Ct. App. 2000).

Carey next contends that certain statements should have been redlined from the report because he objected to them or disputed their accuracy. These include a statement of the presentence investigator that Carey admitted to having made escape attempts, a statement by Parole Officer Colson that Carey "believes he is entitled to assistance," and Officer Colson's statement that Carey had not stayed in touch with his parole officer. With respect to each of these statements, Carey disputed their truthfulness and presented his own rebuttal at the sentencing hearing, and the PSI itself included Carey's contentions regarding his efforts to maintain contact with the parole officer. On appeal, Carey takes the position that because he rebutted or disputed these statements, they should have been stricken from the PSI.

3

Carey's argument misunderstands the holdings of *Mauro*, *Rodriguez*, and *Molen*. Not one of these authorities holds that a sentencing court must strike from a PSI any statement that the defendant disputes. In *Mauro*, the Supreme Court held that certain content of the PSI was so speculative and unreliable on its face that it should have been stricken in the absence of any explanation from the presentence investigator as to why it was deemed reliable. In *Rodriguez* and *Molen*, the only information that this Court indicated should have been redlined from the PSI was information that the sentencing court had agreed to disregard because that court had found it to be inaccurate or unreliable. That is, this Court indicated that where the trial court was rejecting information in the PSI as unfounded or unreliable, it was insufficient to simply disregard the information at sentencing and, instead, the court should also redline it from the PSI so that this information could not prejudice the defendant in the future.

Here, Carey has not shown that any of the information to which he objected or which he rebutted was found to be unreliable or inaccurate by the trial court. Rather, he presented his own rebuttal and could have subpoenaed the sources of the information to cross-examine them. As in *Rodriguez*, "This gave the court sufficient information to make an independent determination on the reliability of the hearsay statements." *Rodriguez*, 132 Idaho at 264, 971 P.2d at 330. Further, the information to which he objected was not facially unreliable but, rather, came from presumably reliable sources--a parole officer and the presentence investigator who were reporting upon their own observations of and conversations with Carey. Therefore, Carey has shown no abuse of discretion in the district court's declining to strike portions of the PSI.

Carey next challenges his sentence as excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Carey's judgment of conviction and sentence are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**

4