**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48248**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 3, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| NATHAN TYLER GRANGER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction and sentence for rape, lewd conduct with a minor under sixteen, and sexual exploitation of a child, <u>affirmed</u>.

Madsen Law Offices, P.C.; Henry D. Madsen, Coeur d'Alene, for appellant. Henry D. Madsen argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

---

GRATTON, Judge

Nathan Tyler Granger appeals from his judgment of conviction for rape, lewd conduct with a minor under sixteen, and sexual exploitation of a child by possession of sexually exploitive material. Granger argues the district court erred when it failed to consider and subsequently redline Granger's objections to the presentence investigation report (PSI). Additionally, Granger argues the district court erred when it sentenced him for a crime not charged and imposed an excessive sentence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Granger was originally charged with rape, Idaho Code § 18-6101(4) (based on force); forcible sexual penetration by foreign object, I.C. § 18-6608; lewd conduct with a minor under sixteen, I.C. § 18-1508; and sexual exploitation of a child by possession of sexually exploitive

material, I.C. § 18-1507(2)(a). Pursuant to a plea agreement, Granger pled guilty to the amended charge of statutory rape, I.C. § 18-6101(2) (based upon age), lewd conduct, and sexual exploitation of a child.

A PSI was filed prior to sentencing. Granger privately acquired a neurophysiological evaluation and psychosexual evaluation (PSE). The PSI writer did not receive those evaluations in time to incorporate their analyses into the PSI. The PSI writer, however, did file an addendum to the PSI attaching the full evaluations and a summary of each evaluation.

Before the sentencing hearing, Granger filed a "sentencing memorandum" objecting to portions of the PSI. Specifically, Granger objected to: (1) the PSI's failure to consider the neuropsychological evaluation; (2) the PSI's failure to consider that the PSE placed Granger in an "average risk category" for "supervision and intervention" in contrast to the PSI's assessed potential for Granger's likelihood of recidivism in the "high risk category"; (3) the PSI's assertion that "Granger appeared to minimize his criminal behavior and deflect partial responsibility on his victims"; and (4) the PSI's failure to provide any analysis regarding Granger's "demonstrated" ability to comply with the terms and conditions of his supervision while out on bond.

At the sentencing hearing, the district court indicated it had read "all of the assessments, the PSI, the addendum to the PSI, various other letters that have been attached, victim impact statements, and so forth." During the sentencing hearing, the district court paused the proceedings to review Granger's sentencing memorandum. The district court then asked Granger if he had any changes, additions, or corrections to the PSI, other than those outlined in the memorandum. Granger responded:

> No, Your Honor. I think our memorandum cites really--you know, in essence, the underlying concerns are completely set forth in here, and they suggest that the PSR [Presentence Investigation Report] was written without access to some important reports that were filed with the Court, Dr. Tutty's report, who did a full neuropsychological evaluation and we think more appropriately identified the mental health issues of Mr. Granger, and then, of course, the PSE, which understandably wasn't available at the time the report was due, but we think that is a more appropriate assessment of the potential for recidivism and recommendations for supervision. As the Court identified, we've outlined those in great detail in our objections.
>
> I would say that, really, the only fundamental objection outside of not considering these other documents or really appending the PSI with those supplements or for any analysis of those supplements, including the PSE and the neuropsychological evaluation, we were just very concerned with the kind of unsubstantiated opinion at page 20, paragraph four, where the PSR writer asserts

2

that "He appeared to minimize his criminal behavior and deflect partial responsibility on his victims." That is really kind of a substantive objection outside of those other two matters.

In response, the district court directed that "a copy of [Granger's] sentencing memorandum be sent to the Idaho Department of Correction [IDOC], along with the sealed order correcting information in the [PSI]." Further, the court stated "what I have written is, 'See objections to PSR in memorandum dated and filed July 1st, 2020,' and also your specific reference to page 20, paragraph four" of the PSI. In reply to these comments, Granger's counsel stated, "Thank you, Your Honor." In accordance with the district court's comments during the hearing, the district court entered a sealed order "correcting information in the presentence report" on which was handwritten "see objections to [PSI] in memorandum dated July 2, 2020--will be sent to the IDOC. P.20 ¶4--concerned w/ opinion re: minimize & defect [sic]."

The district court imposed concurrent sentences of twenty years with six years determinate for statutory rape and lewd conduct, and ten years with six years determinate for sexual exploitation. Granger timely appeals.

## II.

## STANDARD OF REVIEW

The decision whether to strike information from a PSI is reviewed for an abuse of discretion. *See State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A.    Presentence Investigation Report

On appeal, Granger argues the district court failed "to consider [his] objections and redline the PSI after review[ing] his [sentencing] memorandum." Specifically, Granger argues that because the district court did not correct the objectionable information or rule that it would not

3

consider such information, "it must be presumed [the district court] did not 'reject consideration of inaccurate, unfounded, or unreliable information in the PSI.'" Further, Granger asserts "the appropriate action to take . . . would have been to continue the sentencing hearing to allow more time to hear the objections and respond accordingly." In response, the State argues Granger failed to preserve his challenge to the district court's procedure in response to his objections, to show the district court did not consider his objections, and to show the district court should have redlined the challenged information.

The rules of evidence are not applicable to a PSI. *State v. Rodriguez*, 132 Idaho 261, 263 971 P.2d 327, 329 (Ct. App. 1998). The sentencing court, in its discretion, may consider information, which would otherwise be inadmissible at trial, such as hearsay, as long as the court believes the information is reliable and the defendant has an opportunity to present favorable evidence and to explain or rebut adverse information. *State v. Carey*, 152 Idaho 720, 721, 274 P.3d 21, 22 (Ct. App. 2012); *see also* Idaho Criminal Rule 32(e)(1) (noting court may consider reliable, inadmissible information in PSI).

When considering a PSI, the sentencing court has two distinct obligations. First, the court must reject consideration of inaccurate, unfounded, or unreliable information in the PSI. *See, e.g., Carey*, 152 Idaho at 722, 274 P.3d at 23 (noting inaccurate, unfounded, or unreliable information must be rejected); *Molen*, 148 Idaho at 961, 231 P.3d at 1058 (noting court correctly declined to consider unreliable information). Second, the court must redline from the PSI information it is excluding as inaccurate or unreliable. *See Molen*, 148 Idaho at 961, 231 P.3d at 1058 (ruling unreliable and incorrect information should be stricken from PSI). At the core of the redlining duty is the concern for harm to a defendant as expressed in *Rodriguez*, 132 Idaho at 262 n.1, 971 P.2d at 328 n.1: "[A] PSI follows a defendant indefinitely, and information inappropriately included therein may prejudice the defendant even if the initial sentencing court disregarded the information."

As an initial matter, Granger misunderstands his burden in seeking modification of the PSI. First, the defendant must specifically identify the information in the PSI claimed to be inaccurate, unfounded, or unreliable. Ordinarily, an objection or formal motion to strike such information is necessary for appellate review. We note, however, that sentencing courts often--as in this case-- ask the parties to identify any corrections, and in that event, we have held that when a sentencing court expressly invites the defendant to articulate corrections to the PSI, the defendant's obligation

4

to move to strike incorrect information is satisfied. *See Carey*, 152 Idaho at 721, 274 P.3d at 22 (defendant moved to strike information from PSI); *Molen*, 148 Idaho at 961, 231 P.3d at 1058 (defendant moved to strike information from PSI). *But see State v. Golden*, 167 Idaho 509, 512, 473 P.3d 377, 380 (Ct. App. 2020) (formal motion to strike not required when court specifically requests counsel identify corrections to PSI for the record).

Second, the defendant must demonstrate the challenged information is inaccurate, unfounded, or unreliable. *See State v. Hanchey*, ___ Idaho ___, ___, 500 P.3d. 1159, 1164-65 (Ct. App. 2021) (ruling court must redline inaccurate or unreliable information); *Molen*, 148 Idaho at 961, 231 P.3d at 1058 (same). The sentencing court should strike and disregard facially unreliable information. The Idaho Supreme Court has held that facially speculative and conjectural hearsay information in a PSI should be stricken absent an explanation from the presentence investigator indicating why the information was deemed reliable. *State v. Mauro*, 121 Idaho 178, 183, 824 P.2d 109, 114 (1991). *But see State v. Sivak*, 127 Idaho 387, 390, 901 P.2d 494, 497 (1995) (holding inclusion of hearsay statements in PSI implied presentence investigator found statements reliable).

As to facially reliable information, however, the defendant may present evidence during the sentencing hearing to support the assertion the challenged information is inaccurate or unreliable. *See Carey*, 152 Idaho at 722, 274 P.3d at 23. For example, the defendant may offer his own rebuttal to the disputed information or subpoena the sources of the disputed information for cross-examination. *Id*. By offering such evidence, the defendant gives the sentencing court sufficient information to make an independent determination on the reliability of the disputed statements. *Rodriguez*, 132 Idaho at 264, 971 P.2d at 330. Ultimately, the sentencing court has the power to determine the reliability of the disputed information and to disregard what it finds inaccurate or unreliable. *Id*.

Recently, in *Hanchey*, we addressed a claim that the sentencing court erred by failing to redline the PSI after accepting proffered *additions*[1] to the document. In that context, we stated:

> The critical question then is not, as Hanchey contends, whether the district court found her proffered additions reliable. Rather, we must address whether Hanchey triggered the district court's obligation to redline her PSI by disputing

---

[1] We note that sentencing courts often ask the parties whether there are any "corrections, deletions or additions" to the presentence investigation report.

5

> facially unreliable information or by presenting sufficient information for the district court to independently determine the reliability of the challenged information. *See id*. [I.C.R. 32(b)] As Hanchey did not argue that her PSI contained facially unreliable information, our review is limited to whether she presented sufficient information for the district court to determine that the disputed portions of her PSI were inaccurate or unreliable.[2]

*Hanchey*, ___ Idaho at ___, 500 P.3d at 1165. Thus, it is the defendant's burden to offer argument and evidence to demonstrate the information in the PSI is inaccurate or unreliable such that the sentencing court can determine whether it must disregard and strike the information.

To be sure, however, inaccurate information may also be immaterial. There is a material difference between a defendant's argument or claim regarding the characterization, context, nuance, or significance of information in the PSI and whether information in the PSI is inaccurate or unreliable. It is only the latter that we have required the sentencing court to disregard and strike. A court is not required to strike or disregard information in the PSI simply because the defendant disputes the information. *Carey*, 152 Idaho at 722, 274 P.3d at 23 (noting no authority provides court must strike information from PSI because defendant disputes information).

Third, the defendant must obtain a definitive ruling from the sentencing court determining whether such information is or is not inaccurate or unreliable. *Hanchey*, ___ Idaho at ___, 500 P.3d at 1164. Only if the district court determines the challenged information is inaccurate or unreliable does the duty to "redline" the information in the PSI arise. Moreover, it is well settled that for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error.[3] *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996).

---

[2]    We have never held that a defendant is entitled simply to supplement the PSI with his own information.

[3]    Granger relies on this Court's decision in *State v. Golden*, 167 Idaho 509, 473 P.3d 377 (Ct. App. 2020) to assert that because the district court in this case did not correct the information he challenged or otherwise rule on that information, this Court must "presume" the district court did not reject consideration of inaccurate or unreliable information. Granger's reliance on *Golden*, however, is misplaced. In that case, the parties agreed during the sentencing hearing that an attempted murder charge identified in the PSI related to a *different* defendant; the record of the hearing clearly indicated the district court accepted this stipulation and intended to redline the PSI, but the PSI in the appellate record did not reflect the changes the court indicated on the record it was making. *Id.* at 512, 473 P.3d at 380. Contrary to Granger's suggestion, this Court did not presume the district court incorrectly considered inaccurate or unreliable information in *Golden*.

Finally, the defendant has the burden to ensure the sentencing court appropriately documented its rulings on the PSI in the record--both for purposes of appeal and of future distribution of the PSI. *See* I.C.R. 32(h) (requiring distribution of PSI to IDOC). Recent cases have focused on ensuring that the district court documents the "redlining," i.e., striking or modifying the properly objected to information such that a subsequent reader of the PSI is aware of the court's changes. This Court has ruled that, when the sentencing court concludes information in the PSI is inaccurate or unreliable, the court should cross out or redline that information from the PSI and send a corrected copy of the PSI to IDOC. *Molen*, 148 Idaho at 961-62, 231 P.3d at 1058-59 (ruling trial court should strike unreliable information); *see also* I.C.R. 32(h)(1) (making PSI available to IDOC so long as defendant is committed to or supervised by IDOC). We note that *Molen* was decided before electronic filing when, generally, the sentencing court made changes or comments directly to the originally filed document. As we stated in *Golden*, 167 Idaho at 512, 473 P.3d at 380:

> We acknowledge now that PSIs are filed electronically before sentencing, the district courts may need to adopt a new procedure to ensure the PSI submitted as a documentary exhibit in the appellate record, as Idaho Appellate Rule 31(b) requires, is the version of the PSI containing the court's changes, additions, or redlining made at the time of sentencing rather than the PSI the presentence investigator originally submitted to the court. Unless and until the Idaho Supreme Court implements a rule governing such a procedure, we leave it to the district courts to determine the best way to ensure the corrected PSI is in the appellate record.

We remanded *Golden*, and similar cases, to point out to sentencing courts that a procedure needs to be employed in the electronic filing environment to ensure that corrections ordered by the court to the PSI are reflected in or with the PSI distributed per I.C.R. 32(h). While we noted in *Golden*, and other cases, that the PSI in the appellate record did not reflect changes obviously ordered by the court, it is the burden of the defendant to ensure the sentencing court has appropriately documented the ordered changes. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support

---

Rather, it remanded the case to ensure the corrected PSI was distributed per Idaho Criminal Rule 32(h). *Id.*

the appellant's claims, we will not presume error. [4] *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

Applying these legal principles in this case, we hold that Granger failed to demonstrate the district court erred when considering Granger's PSI for numerous reasons. As an initial matter, Granger failed to obtain a ruling from the district court that the challenged information is inaccurate or unreliable. There is no determination from the district court of any inaccuracy or unreliability; consequently, there is no adverse ruling for this Court to address. Instead, the district court addressed Granger's concerns and directed that Granger's sentencing memorandum be sent to IDOC along with the sealed order referencing information in the PSI and Granger's objections. Granger, however, did not object to this manner of proceeding, and instead, acquiesced in this process by responding with "Thank you" after the district court indicated that was the method by which it would identify the alleged errors. Granger does not argue this process was insufficient to prevent the harm redlining is designed to address, and as a result, Granger has also waived any argument on appeal that the remedy used by the district court was insufficient to protect Granger's interest.

Even if this Court reviews Granger's claims on the merits, the claims fail. Although Granger now suggests on appeal that the appropriate course of action was to continue sentencing for the PSI writer to amend the PSI with the additional evaluation information, Granger never requested such a continuance before the district court. [5] To the extent Granger's first two allegations of error in the sentencing memorandum were that the PSI was inaccurate because it did not include the NE or PSE, that alleged error was resolved by the Addendum to the PSI, which include the PSI writer's summary of the reports and attached the reports. Because Granger alleged

---

[4]   For purposes of appeal, it is insufficient to point to the PSI that was created prior to sentencing as evidence that the defendant's inaccurate, unfounded, or unreliable information was not stricken from the PSI. Instead, the defendant must include the PSI that was distributed to the Department of Correction, along with any judicial order regarding those corrections, to provide an adequate record in support of his or her claim.

[5]   Granger did not request more time for the PSI writer to consider the additional evaluations. Granger knew the PSI writer did not have the evaluations prior to the PSI due date. Granger could have filed a motion with the court requesting more time for the writer to incorporate and/or reconcile the evaluations. Instead, Granger improperly attempts to place that burden upon the district court.

an error by omission, there was nothing to redline once the two evaluations were attached to the PSI. Consequently, Granger has failed to demonstrate error on these claims.

Granger's argument on appeal suggests he is not satisfied with just including the neuropsychological and psychosexual evaluations with the PSI, but that either the district court or the PSI writer should have expressly incorporated and reconciled the neuropsychological and psychosexual evaluations with the PSI. In essence, Granger would have the district court compare the additional evaluations to the PSI and amalgamate its own summary, redlining the parts of the PSI that were not in harmony with the additional evaluations. The district court was under no obligation to do so. The district court had access to the additional evaluations because, prior to sentencing, the PSI writer filed an addendum along with summaries. During the sentencing hearing, the district court informed the parties it had reviewed the additional evaluations along with the PSI.

Granger's argument misapprehends the scope of a trial court's obligation to redline a PSI. A trial court's obligation to redline a PSI has consistently been identified with the prohibition against the inclusion of conjecture and speculation in a PSI and the trial court's duty to disregard such information. *See* I.C.R. 32(e)(1) ("conjecture and speculation should not be included in the presentence report"); *Golden*, 167 Idaho at 511, 473 P.3d at 379 (observing that trial courts must disregard inaccurate, unfounded, or unreliable information in PSI). A trial court need not revise a PSI, however, to incorporate all information proffered by a defendant. *See* I.C.R. 32(b) (describing required content of presentence investigation reports).

Furthermore, Granger provides no evidence that any of the information in the PSI is inaccurate or unreliable. The fact that the PSI conclusions may be different in some ways from the additional evaluations does not require modification of the PSI to incorporate and reconcile the additional evaluations. The PSI writer utilized an LSI-R evaluation to make a risk assessment. Granger relies on a different evaluation, the PSE, which used the Static-99 and the STABLE-2007 to assess Granger's risk. That two evaluations, using their unique methodology, provide different risk assessments makes neither inaccurate nor unreliable. Granger argues, without citation, that the PSE is the "more specific evaluation" and faults the PSI writer for not updating or amending the PSI to include its assessment. As noted, the PSI writer filed an addendum to the PSI attaching the full evaluations and a summary of each evaluation. The district court reviewed the evaluations and considered Granger's argument. Granger was free to point out the distinctions and argue their

9

significance. However, without proffering evidence that the methodology or conclusion of the LSI-R was inaccurate, unfounded, or unreliable, Granger was not entitled to, and the district court had no obligation to, redline the PSI.

Finally, a purpose of the PSI is for the writer to provide her own observations and opinions based upon her investigation. Here, the PSI writer opined that Granger appeared to minimize his criminal conduct and deflect partial responsibility on his victims. Granger takes issue with this statement. However, the conclusion is facially reliable as defined in *Carey*. This is an opinion commonly included and reasonably based upon the PSI writer's assessment. Although Granger disagrees, he provided no further evidence to support his position. A sentencing court is not required to strike or disregard information in the PSI simply because the defendant disputes the information. *Carey*, 152 Idaho at 722, 274 P.3d at 23. When information in the PSI is facially reliable, the defendant must provide more evidence than simply his statement disputing the information. *Golden*, 167 Idaho at 511, 473 P.3d at 379. Here, there is nothing in the record to indicate the statement was inaccurate or unreliable except Granger's disagreement. Moreover, contrary to Granger's claim, there is sufficient information in the PSI to support the writer's conclusions that Granger was minimizing his criminal behavior.[6] Finally, as noted, the district court not only provided Granger the opportunity to argue his objection, the court attached the sentencing memorandum to the PSI so that IDOC would be aware of his objection. Granger has shown no error by the district court relating to his objections or noting those objections with the PSI.

---

[6] Granger's comments to the PSI writer support the opinion:

Originally, I was in an inappropriate relationship with [T.G.] in December of 2018, because at the time *I [believed] she was 16, learning later that she was 14*. It was inappropriate especially after I continued contact and [pursued] a sexual relation with her. We first had sex in late April 2019, at her mother's condo, because her mom was at work, and she was home from school. This was the same situation twice in May of 2019. Eventually we had sex on Tubbs Hill in July 2019. *As for why, I was dumb in thinking that this was ok, and when the inappropriate relationship ended, I didn't want contact with [T.G.], but she persisted.* I met [M.A.V.] at work, McDonalds, in September 2019, and shortly after *we started flirting*. On Friday the 7th of September, 2019 *[M.A.V.] came to my house, and we proceeded to have sex*, at the time *my [judgment] in this action was so skewed due to my relationship with [T.G.]*, and I admit the inappropriateness of it." (Emphasis added.)

10

The redlining process is not a mechanism by which a defendant can remove every statement or conclusion with which he or she disagrees. Redlining is limited to a very narrow circumstance: to remove information to which the defendant has specifically objected and demonstrated is inaccurate, unfounded, or unreliable. The defendant must obtain a ruling on each objection, and if unsatisfied with the process used by the district court to note any correction, the defendant must also object to the process used in order to preserve a claim that the trial court erred by failing to redline that specific piece of information. We reiterate that the district court has no obligation to redline conflicting information or information with which the defendant generally disagrees. In the absence of establishing the information in inaccurate, unfounded, or unreliable, the district court will not err in declining to redline a PSI.

## B. Sentencing

Granger argues that the district court erred by sentencing him for an uncharged crime. Specifically, Granger contends that the district court sentenced him for forcible rape although he pled guilty to statutory rape. Granger also argues that the district court abused its discretion by imposing an excessive sentence.

First, Granger argues the district court sentenced him for forcible rape rather than the charged crime of statutory rape because the district court placed undue emphasis on alleged facts of forcible rape. A sentencing judge may properly conduct an inquiry broad in scope, largely unlimited, either as to kind of information considered or the source from which it may come. *State v. Chapman*, 120 Idaho 466, 470, 816 P.2d 1023, 1027 (Ct. App. 1991); *see also* I.C. § 19-5306. A sentencing court may, with due caution, consider the existence of defendant's alleged criminal activity for which no charges have been filed, or where charges have been dismissed. *State v. Barnes*, 121 Idaho 409, 411, 825 P.2d 506, 508 (Ct. App. 1992).

The district court did not sentence Granger for forcible rape and did not exceed its discretionary boundaries by considering the evidence of the forcible nature of his conduct. The district court made it clear it understood what the sentence was for by saying: "And I recognize that you pled guilty to statutory, not to forcible rape. I understand that." At another time, the district court said: "I do believe that you forced the issue, but, again, as I said, you pled guilty to statutory rape." The district court mentioned Granger's use of force relative to the victim, but did not overly focus on that fact. Furthermore, the court is not required to disregard the allegation of force merely because statutory rape does not include the element of force. During sentencing, a

11

court may consider criminal conduct not at issue. Consequently, the district court did not sentence Granger for an uncharged crime and thus, did not abuse its discretion.

Second, Granger argues the sentence is excessive because the district court determined the sentence solely for the purpose of protecting society. Granger argues the PSI was limited without the neuropsychological and psychosexual evaluations, and the district court should have considered these assessments to support conclusions of rehabilitation rather than incarceration. As noted above, the district court did consider these evaluations.

Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *Brown*, 121 Idaho at 393, 825 P.2d at 490. A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). A sentence need not serve all the sentencing goals or weigh each one equally. *State v. Dushkin*, 124 Idaho 184, 186, 857 P.2d 663, 665 (Ct. App. 1993).

The district court expressly discussed each of the *Toohill* factors. The court recognized that it was required to consider alternatives to imprisonment stating: "that there is a preference from our Idaho legislature that we do not go to imprisonment first, that we consider other things . . . ." However, the district court explained that rehabilitation "isn't something that for the Court in this case rises to the forefront." The district court was not persuaded that rehabilitation should be the primary focus based upon Granger's long history of residential treatment and the apparent lack of success due to the current charges.

The district court recognized the mitigating factors, including Granger's lack of prior felony convictions, his problematic childhood, and his mental health issues. While mitigating factors are relevant in sentencing decisions, the district court was not required to assess or to balance all of the sentencing goals in an equal manner. *See State v. Felder*, 150 Idaho 269, 276, 245 P.3d 1021, 1028 (Ct. App. 2010) (noting equal balancing of goals not required). The district court also recognized the nature of the offenses, uncharged misconduct, and impact to the victim. That the district court did not elevate the mitigating factors over the need to protect society does not establish an abuse of discretion. *See id.* (noting elevation of societal protection over mitigating

12

factors not an abuse of discretion). Accordingly, we hold the court did not abuse its discretion in sentencing Granger.

## IV.

## CONCLUSION

The district court did not abuse its discretion by failing to redline Granger's PSI. Furthermore, the district court did not abuse its discretion in sentencing Granger. As a result, Granger's judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.