# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49164

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>JOHN PAUL NEUENSCHWANDER,<br><br>    Defendant-Appellant. | )<br>)  Filed:  April 10, 2023<br>)<br>)  Melanie Gagnepain, Clerk<br>)<br>)  THIS IS AN UNPUBLISHED<br>)  OPINION AND SHALL NOT<br>)  BE CITED AS AUTHORITY<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Peter G. Barton, District Judge.

Denial of motion to strike portions of the presentence investigation report, <u>reversed</u>; judgment of conviction and sentence for grand theft, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

John Paul Neuenschwander pled guilty to grand theft.  Idaho Code § 18-2403.  During sentencing, counsel for Neuenschwander moved to strike statements in the victim impact statement (VIS) section of the presentence investigation report (PSI).  The district court refused to strike the objected-to statements, though the court stated it would not consider those statements for purposes of sentencing.  The district court imposed a unified seven-year sentence with two years determinate.  Neuenschwander appeals, arguing that the district court abused its discretion in refusing to strike the statements made in the PSI and that his sentence is excessive.  For the reasons detailed below, we reverse the denial of the motion to strike and affirm Neuenschwander's judgment of conviction and sentence.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Neuenschwander pled guilty to grand theft for liquidating some of his father's estate. Prior to the sentencing hearing, Neuenschwander's sister submitted a four-page email to the presentence investigator as a VIS. Neuenschwander's sister alleged that forty years prior, Neuenschwander sexually abused her and that she was concerned regarding previous sexual behavior and for other potential victims of sexual abuse. Based upon this information, the presentence investigator opined that "reports of his previous sexual behavior is of concern."

Neuenschwander requested the district court strike the statements related to past sexual misconduct from the PSI and not consider the statements for purposes of sentencing. The district court determined that it would not consider the statements in making its sentencing determination, but refused to strike them from the PSI. After considering the factors of sentencing, the district court imposed a unified sentence of seven-years with two years determinate.

Neuenschwander timely appeals.

# II.

## STANDARD OF REVIEW

The decision whether to strike information from a PSI is reviewed for an abuse of discretion. *See State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution

applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

## III.

## ANALYSIS

Neuenschwander asserts the district court erred by denying his motion to strike the sexual misconduct statements from the PSI and by imposing an excessive sentence. The State argues that the district court did not err in denying the motion to strike and that the sentence is not excessive.

### A. PSI

Neuenschwander argues that statements in the PSI regarding sexual misconduct should have been stricken. The State responds that certain arguments regarding the statements in the PSI advanced by Neuenschwander on appeal are not preserved and that, to the extent preserved, are without merit.

We turn first to the parties' dispute about whether the arguments raised on appeal by Neuenschwander are properly preserved. Neuenschwander raises two arguments on appeal. First, he contends that information in a VIS contained within a PSI is limited to the impact of the charged crime on the victim. This argument was expressly raised by Neuenschwander at the hearing. Second, Neuenschwander argues that the information in the PSI regarding sexual misconduct is unsubstantiated, unreliable, and speculative. While the State contends that Neuenschwander did not use these exact words, below, it is apparent from the context of the objection, the district court's obligation, under our well settled law, to strike "inaccurate, unfounded, or unreliable information in the PSI" was triggered. *See State v. Golden*, 167 Idaho 509, 511, 473 P.3d 377, 379 (Ct. App. 2020). Neuenschwander argued that the allegations amounted to sex crimes. He acknowledged that, depending upon how spurious the information, sometimes counsel does not object to the contents of the PSI "because they're really not of great import." Yet, here he was objecting. The

prosecutor argued the only limitation on a VIS is where it results in manifest injustice, citing *State v. Grant*, 154 Idaho 281, 297 P.3d 244 (2013). Neuenschwander responded:

> I just want to make a record that in my opinion, we're going to sentencing on a grand theft in 2021, and someone's going to allege a sex crime that the Court is going to take into consideration that's 40 years prior to that, and that doesn't result in manifested justice [sic]. I'm not sure if that's what that standard means.

The district court declined to find manifest injustice. Lastly, Neuenschwander noted that he had not been in a position to respond to the allegation. While Neuenschwander has provided additional argument and authorities, the issues and arguments advanced on appeal are preserved.

Finally, the State argues that even if the arguments regarding the merits of the motion to strike are preserved, Neuenschwander did not expressly object to each of the statements in the PSI which he now argues should be stricken. Neuenschwander directed the district court to a paragraph in the VIS beginning with the phrase "when I was 3-5 years-old" which contained the allegations of past sexual abuse. Related to those allegations, the presentence investigator recounted having spoken with the victim by telephone and she expressed her concern relative to this past behavior and as to the existence of "other potential victims." From this, the presentence investigator concluded that while Neuenschwander had a minimal criminal record, "reports of his previous sexual behavior is of concern." The report of the telephone conversation with the victim and the presentence investigator's concern are part and parcel of the past sexual abuse allegation.

Next, we turn to the parties' arguments regarding the merits of the motion to strike. Below, Neuenschwander argued that "the victim impact statement has got limitations" and that the sexual misconduct statements are "not appropriate for a victim impact statement." Neuenschwander argues that a VIS within a PSI is specifically limited to the impact of the charged crime upon the victim. Neuenschwander cites I.C. § 19-5306(1)(h), which states:

> Each victim of a criminal or juvenile offense shall be: (h) Consulted by the presentence investigator during the preparation of the presentence report and have included in that report a statement of the impact which the defendant's criminal conduct had upon the victim and shall be allowed to read, prior to the sentencing hearing, the presentence report relating to the crime.

Neuenschwander acknowledges that "a sentencing court may, with due caution, consider the existence of defendant's alleged criminal activity for which no charges have been filed, or where charges have been dismissed." *State v. Granger*, 170 Idaho 136, 146, 508 P.3d 335, 345 (Ct. App. 2022). Additionally, the victim has a constitutional right to be heard and the legislature cannot limit, contrary to court rules, what is and is not proper evidence. IDAHO CONST. art. I,

§ 22(6).  However, Neuenschwander asserts that he is entitled to relief because the inclusion of the sexual misconduct statements did not, as proscribed by I.C. § 19-5306(1)(h), relate to the criminal conduct that Neuenschwander pled guilty to, and was convicted of:  grand theft.  Although his sister was a victim of the grand theft, Neuenschwander contends that the unsubstantiated forty-year-old accusation of sexual misconduct and concern for other potential victims of sexual misconduct is not a statement of the impact which the grand theft had upon the victim.

The sentencing court, in its discretion, may consider information, which would otherwise be inadmissible at trial, such as hearsay, as long as the court believes the information is reliable and the defendant has an opportunity to present favorable evidence and to explain or rebut adverse information.  *Granger*, 170 Idaho at 141, 508 P.3d at 340.  Neuenschwander argues that "[his sister] could have presented more information to the district court at sentencing, but not in the form of a 'victim impact statement' when the information was wholly unrelated to the criminal conduct involved," and contained within the PSI.  This is so, he contends, because the plain language of the statute limits the scope of a VIS contained within a PSI due to the fact that a PSI follows a defendant indefinitely and information inappropriately included may prejudice the defendant in the future.  *See State v. Rodriguez*, 132 Idaho 261, 262 n.1, 971 P.2d 327, 328 n.1 (Ct. App. 1998).

We note, first, that the VIS here contains a wide array of information not directly related to the impact of the charged crime, including assertions of other misconduct, to which Neuenschwander does not object.  But, more importantly, I.C. § 19-5306(1)(h) does not limit the information a trial court may receive and consider or the scope of the information which may be included in the VIS of a PSI.  Instead, it simply sets forth the obligation of the presentence investigator to consult with a victim incident to preparation of the PSI and codifies a victim's right to have included in the PSI a statement regarding the impact of the crime.  That the victim has the right to include a statement of the impact of the crime in the PSI does not limit other information from the victim that may properly be considered by a sentencing court.

Any limitation on the contents of the PSI, including the VIS, is found in the obligation of the sentencing court to disregard, and in appropriate situations to strike, inaccurate, unfounded, or unreliable information from the PSI.  When considering a PSI, the sentencing court has two distinct obligations.  First, the court must reject consideration of inaccurate, unfounded, or unreliable information in the PSI.  *Granger*, 170 Idaho at 141, 508 P.3d at 340.  Second, the court must redline from the PSI information it is excluding as inaccurate or unreliable.  *Id.*  This procedure

5

not only ensures a clear record for review but also protects the defendant against misuse of the unreliable information in the future. *Rodriguez*, 132 Idaho at 262 n.1, 971 P.2d at 328 n.1.

On appeal, Neuenschwander argues that the statements as to past sexual abuse are unreliable because the alleged conduct occurred decades earlier, and was not corroborated by anyone, nor was a criminal charge ever filed, but it is a memory from when Neuenschwander's sister was three to five years old. Neuenschwander also points out that there had been a forty-year history of family acrimony, impliedly suggesting an improper motive. In addition, in the district court, Neuenschwander argued that he had not been in a position to respond to the allegations. He further asserts the stated "concern" for the existence of other potential victims is entirely speculative. We agree.

First, while we do not believe that the statute limits the information in the VIS contained within a PSI to that which directly relates to the effect on the victim of the present crime, the appellate courts have recognized that a PSI follows a defendant and the information therein can be used adversely to such defendant. *See Molen*, 148 Idaho at 961-62, 231 P.3d at 1058-59. Therefore, as to information in a PSI, the sentencing court has an obligation, as set forth above, to take action to ensure that inaccurate, unfounded, unreliable, or speculative information that may prejudice a defendant in the future be disregarded and, in appropriate circumstances, stricken. Here, the district court determined that inclusion of the statements did not create a manifest injustice, but did not make a finding as to their reliability or speculative nature. Yet, the court determined that the statements should be disregarded. While it may be appropriate in certain circumstances for the sentencing court to disregard information in the PSI but not strike it, the nature of the sexual misconduct allegations, the extreme remoteness in time, their lack of bearing on a grand theft charge, and their likelihood of future prejudice to Neuenschwander leads to the conclusion that the statements should not have been just disregarded, but stricken as well. The district court erred in refusing to strike the challenged statements. We remand this case to the district court to order the statements in the PSI to be stricken.

B.     Sentence

Neuenschwander also asserts that the district court abused its discretion by imposing an excessive sentence. Neuenschwander contends that he should have been placed on probation as he has a very limited criminal record with only two misdemeanors nearly three decades ago, this felony is unlikely to occur again, he accepted responsibility and apologized for his actions while

6

expressing remorse, and he cooperated and helped locate the remaining assets. Neuenschwander acknowledges that the sentence did not exceed the statutory maximum and that he bears the burden to show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts. *State v. Strand*, 137 Idaho 457, 460, 50 P.3d 472, 475 (2002).

The district court considered the four goals of sentencing--protection of society, deterrence, rehabilitation, and punishment--and found that Neuenschwander's actions of stealing the money, keeping it, and spending it, "shows a high level of criminality, a high level of willing to deceive other people to their detriment and deception, repeated deception," and imposed a unified sentence of seven-years, with two years determinate. Neuenschwander's arguments fail to show that the sentence is excessive under any reasonable view of the facts. The district court did not abuse its discretion, and we affirm Neuenschwander's sentence.

## IV.

## CONCLUSION

The district court erred in refusing to strike the sexual misconduct statements from the PSI. The district court did not abuse its discretion in imposing Neuenschwander's sentence. Accordingly, we affirm Neuenschwander's judgment of conviction and sentence but reverse the district court's denial of Neuenschwander's motion to strike and remand this case for proceedings consistent with this opinion.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.