# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49046

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 27, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| PHILIP MICHAEL SCHWAB, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Judgment of conviction and unified life sentence, with a minimum period of confinement of twenty-five years, for first degree murder, <u>affirmed</u>; <u>case</u> <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Philip Michael Schwab appeals from his judgment of conviction and sentence for first degree murder. Schwab argues the district court failed to make corrections to his Presentence Investigation Report (PSI) and abused its discretion in sentencing. We affirm Schwab's sentence but remand the case for the district court to ensure any changes the district court made to the PSI are reflected in the PSI subject to disclosure under I.C.R. 32(h).

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Schwab pled guilty to first degree murder for the stabbing death of his girlfriend. I.C. § 18-4001. During the sentencing hearing, the district court asked

1

Schwab if he had any proposed changes to the PSI. Schwab requested the "Companions" section reflect "none" of his acquaintances are involved in criminal activity to match the PSI questionnaire Schwab completed. To this request, the district court responded, "All right." Next, Schwab challenged the "Attitudes/Orientation" section; but the district court rejected any change, concluding the section reflected "the thoughts of the presentence investigator." Lastly, Schwab challenged the "Recommendation" section, asking the district court to "give little weight to [the investigator's] opinion," and requested that the district court correct Schwab's reported education to reflect he graduated from high school. The district court accepted the education correction.

Pursuant to the plea agreement, the State recommended a unified life sentence, with a minimum period of confinement of twenty-five years. Schwab requested a unified life sentence, with a minimum period of confinement of fifteen years. The district court sentenced Schwab to a unified term of life imprisonment, with a minimum period of confinement of twenty-five years. Schwab appeals.

## II.

## ANALYSIS

### A. PSI Redlining

First, Schwab contends "the district court abused its discretion after it accepted two of his corrections to the PSI but failed to redline them." Specifically, Schwab argues the district court accepted his proposed corrections that "none" of his acquaintances are involved in criminal activity and that he graduated from high school.

The Idaho Rules of Evidence are not applicable to a PSI. *State v. Rodriguez*, 132 Idaho 261, 263, 971 P.2d 327, 329 (Ct. App. 1998). The district court, in its discretion, may consider information which would otherwise be inadmissible at trial, such as hearsay, as long as the district court believes the information is reliable and the defendant has an opportunity to present favorable evidence and to explain or rebut adverse information. *State v. Carey*, 152 Idaho 720, 721, 274 P.3d 21, 22 (Ct. App. 2012); *see also* I.C.R. 32(e)(1) (noting district court may consider reliable, inadmissible information in PSI). The district court, however, must disregard information if there is no reasonable basis to deem it reliable, such as when the information is simply conjecture. *Carey*, 152 Idaho at 721, 274 P.3d at 22.

2

When considering a PSI, the district court has two distinct obligations. First, the district court must reject consideration of inaccurate, unfounded, or unreliable information in the PSI. *See, e.g.*, *id.* at 722, 274 P.3d at 23 (noting unfounded, unreliable, or inaccurate information must be rejected); *State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010) (noting district court correctly declined to consider unreliable information). Second, the district court must redline from the PSI information it is excluding as incorrect or unreliable. *See Molen*, 148 Idaho at 961, 231 P.3d at 1058 (ruling unreliable and incorrect information should be stricken from PSI).

To demonstrate that a district court ran afoul of these obligations, a defendant must meet four requirements. *State v. Roman-Lopez*, 171 Idaho 585, 601, 524 P.3d 864, 880 (2023); *State v. Granger*, 170 Idaho 136, 141-43, 508 P.3d 335, 340-42 (Ct. App. 2022). First, the defendant must specifically identify the information in the PSI claimed to be inaccurate, unfounded, or unreliable. *Granger*, 170 Idaho at 141, 508 P.3d at 340. Second, the defendant must demonstrate the challenged information is inaccurate, unfounded, or unreliable. *Id.* at 142, 508 P.3d at 341. Third, the defendant must obtain a definitive ruling from the district court determining whether the information is inaccurate, unfounded, or unreliable. *Id.* Fourth, the defendant must ensure the district court appropriately documents the ruling in the record. *Id.* at 143, 508 P.3d at 342

Here, Schwab argues the district court failed to meet its obligation to redline the inaccurate information from the PSI. Though the State concedes "the record in this case shows that the district court orally granted two requested corrections," the State nonetheless argues the district court's "apparent failure to follow up on its oral rulings is a not a proper appellate claim of error." The State's argument overlooks the district court's obligation to redline inaccurate, unfounded, or unreliable information. Indeed, when the district court concludes information in the PSI is incorrect or unreliable, the district court should cross out or redline that information from the PSI and send a corrected copy of the PSI to the Idaho Department of Correction. *State v. Golden*, 167 Idaho 509, 511, 473 P.3d 377, 379 (Ct. App. 2020); *accord State v. Greer*, 171 Idaho 555, 562, 524 P.3d 386, 393 (2023). Because there is no evidence of a corrected PSI in the record below, a limited remand is the appropriate remedy in this case. *Greer*, 171 Idaho at 563, 524 P.3d at 394; *Golden*, 167 Idaho at 512-13, 473 P.3d at 380-81.

**B.     Sentencing**

Next, Schwab contends the district court abused its discretion when it sentenced him to a unified term of life imprisonment, with a minimum period of confinement of twenty-five years, for first degree murder.  An appellate review of a sentence is based on an abuse of discretion standard.  *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).  Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion.  *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case.  *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).  A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case.  *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Schwab acknowledges his sentence does not exceed the statutory maximum.  *See* I.C. § 18-4004 (stating punishment for first degree murder); *State v. McIntosh*, 160 Idaho 1, 8, 368 P.3d 621, 628 (2016) (providing that a sentence within limits prescribed by statute ordinarily will not be considered an abuse of discretion).  Nevertheless, Schwab contends his sentence is unreasonable "in light of the mitigating factors in his case, including his chromosome disorder, support of his mother, and remorse."  The record reflects, however, that the district court considered Schwab's chromosome disorder and other diagnoses, the support of his mother, and his struggles to express his emotions.  Moreover, the record demonstrates the district court identified the correct legal standards, recognized the decision was discretionary, acted within the bounds of discretion, and

4

exercised reason in imposing Schwab's sentence. Accordingly, we cannot say the district court abused its sentencing discretion.

## III.

## CONCLUSION

The district court did not abuse its discretion in sentencing Schwab. Accordingly, his judgment of conviction and sentence are affirmed. The record on appeal does not reflect that Schwab's PSI was corrected, so we remand this case for the district court to ensure any changes it agreed to make to the PSI are reflected in the PSI subject to disclosure under I.C.R. 32(h).

Chief Judge LORELLO and Judge GRATTON, **CONCUR**.