# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51675

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

WARD JOSEPH MORRIS,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 29, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Barbara Duggan, District Judge.

Order denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Phelps & Associates; Douglas D. Phelps, Spokane, Washington, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

      Ward Joseph Morris appeals from an order denying his I.C.R. 35 motion for reduction of his sentences. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

      The State charged Morris with two counts of sexual exploitation of a child through possession of sexually exploitive material, one count of sexual battery of a minor child sixteen or seventeen years of age through solicitation to participate in a sexual act, and one count of infamous crime against nature. Pursuant to a plea agreement, Morris entered *Alford*[1] pleas to two counts of sexual exploitation of a child (I.C. § 18-1507(2)(a)), and the State agreed to dismiss the remaining

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

counts. Under the agreement, the parties were free to recommend any lawful sentences, and Morris agreed to waive his appellate rights as to his judgment of conviction and sentences.

At sentencing, Morris submitted various materials in mitigation, including medical records, a psychosexual evaluation, testimony from Dr. Brian Campbell regarding Morris's cognitive functioning following a September 2021 stroke, and letters of support. The State recommended unified sentences of ten years, each with a minimum period of confinement of three years. Morris requested that the district court grant probation. The district court imposed concurrent unified sentences of ten years, each with a minimum period of confinement of two years.

Morris filed a notice of appeal from his judgment of conviction and the Idaho Supreme Court dismissed the appeal as untimely. Morris thereafter filed his Rule 35 motion seeking a reduction of his sentences. Morris argued the district court erred at sentencing by giving repeated consideration to dismissed counts and by failing to adequately weigh mitigating evidence, including evidence relating to his cognitive condition. Morris did not submit additional information with the Rule 35 motion beyond the materials previously presented at sentencing. The State opposed the motion. The district court denied Morris's Rule 35 motion, concluding that Morris failed to present new or additional information supporting a reduction of his sentences. Morris appeals.

## II.

## ANALYSIS

Morris argues the district court abused its discretion by denying his Rule 35 motion because mitigating evidence--including his medical condition, lack of criminal history, low risk of recidivism, and Dr. Campbell's report--demonstrates the sentences were excessive. Morris also asserts the district court improperly relied on conduct underlying the dismissed charges. The State responds the appeal is limited to review of the denial of the Rule 35 motion and Morris failed to present new information demonstrating the sentences were excessive. The State argues the district court considered the relevant sentencing factors and imposed reasonable sentences within statutory limits.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting

2

a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Huffman*, 144 Idaho at 203, 159 P.3d at 840.

Morris has not shown the district court abused its discretion in denying his Rule 35 motion. The information Morris relies upon--including his medical condition, lack of criminal history, expression of remorse, and Dr. Campbell's report--was before the district court at the time of sentencing. A Rule 35 motion is not intended to reargue matters previously presented or to substitute this Court's view for that of the sentencing court. *Huffman*, 144 Idaho at 203, 159 P.3d at 840.

Additionally, the district court was permitted to consider conduct underlying the dismissed charges when evaluating the nature and circumstances of the offense. *See State v. Granger*, 170 Idaho 136, 146, 508 P.3d 335, 345 (Ct. App. 2022) (holding that a sentencing court may, with due caution, consider the existence of defendant's alleged criminal activity for which no charges have been filed or where charges have been dismissed). In this case, the record does not reflect that the district court imposed punishment for dismissed offenses rather than considering the conduct as part of the overall sentencing determination. Because Morris has not presented new information showing the sentences were excessive, he has not established the district court abused its discretion in denying his Rule 35 motion.

### III.
### CONCLUSION

Morris has not shown the district court abused its discretion in denying his Rule 35 motion. Accordingly, the order denying Morris's Rule 35 motion for reduction of his sentences is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.